UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HITENDRA KUMAR PRAJAPATI, *et al.*,

            Plaintiffs,

    v.

ANTHONY BLINKEN, *et al.*,

            Defendants.

Case No. 23-cv-3246 (JMC)

**MEMORANDUM OPINION**

Plaintiffs Hitendra Kumar Prajapati and S.P., appearing pro se, filed this immigration mandamus lawsuit against Defendants Anthony Blinken and Ur Jaddou in their respective official capacities as Secretary of State and Director of U.S. Citizenship and Immigration Services (USCIS). ECF 1.[1] Prajapati currently resides in the United States, and S.P. in India. ECF 1 ¶¶ 1–2. The two are family members who have "been separated . . . for [more than] 50 months," are awaiting decisions on their U visa applications, and have yet to receive parole.[2] ECF 1 ¶¶ 13–22. According to the complaint, Plaintiffs' separation has been prolonged through an unlawful policy that allows the Government to evade a mandatory duty to "grant deferred action or parole to U-1 petitioners and qualifying family members" after a petitioner is placed on the U visa "waiting list."[3] ECF 1 ¶ 35 (quoting 8 C.F.R § 214.14(d)(2)). The allegedly unlawful policy operates as

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

[2] In the immigration context, "parole" refers to a noncitizen's ability to enter "the United States temporarily under [certain] conditions" while they are "applying for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). Parole into the United States is not the same as admission. *Id.*

[3] There is an "cap on U-1 nonimmigrant status" of 10,000 per fiscal year. 8 C.F.R. § 214.14(d)(1). Any petitioner who is not granted U-1 status solely due to the cap "must be placed on a waiting list." *Id.* § 214.14(d)(2).

1

follows: instead of being placed on the waiting list, petitioners in the United States are offered interim benefits (e.g., work authorization) through "*bona fide* determinations," but these determinations end up preempting any waiting list decision,[4] which thereby "deprives [petitioners] and their qualifying relatives abroad . . . of parole" prior to final adjudication of the U visa application. ECF 1 ¶¶ 52, 57–58, 80. The complaint alleges that Prajapati received such a *bona fide* determination, meaning she will not receive a waiting list decision and S.P. will not be paroled into the country, thus prolonging their separation. ECF 1 ¶¶ 19–22.

The Government Defendants moved to dismiss the action or, in the alternative, to transfer. ECF 3 at 5 (citing Fed. R. Civ. P. 12(b)(3), (6)). Plaintiffs' deadline to respond, in light of their pro se status, was extended to February 19, 2024. ECF 4 at 2 & n.1. In accordance with *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court warned Plaintiffs that if they failed to timely respond to the motion this Court could "(1) treat the motion as conceded; (2) rule on Defendants' motion based on Defendants' arguments alone and without considering Plaintiffs' arguments; or (3) dismiss Plaintiffs' claims for failure to prosecute." *Id.* at 1 (citing *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990)). Two months past their deadline, Plaintiffs still have not responded, so the Court will **GRANT** Defendants' motion as follows.

First, the Court dismisses all claims against the Secretary of State for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Government argues that any obligation to "grant deferred action or parole" to those on the waiting list lies with the Department of Homeland Security alone, and that "the State Department plays no role in the U visa process unless and until USCIS conditionally approves an individual for parole." ECF 3 at

---

[4] *See National Engagement - U Visa and Bona Fide Determination Process – Frequently Asked Questions*, USCIS (Sept. 23, 2021), https://www.uscis.gov/records/electronic-reading-room/national-engagement-u-visa-and-bona-fide-determination-process-frequently-asked-questions ("[P]etitioners [who] receive[] a bona fide determination . . . will not have to go through a waiting list adjudication unless new adverse information [arises].").

8–9. As such, if "USCIS has not completed its waiting list processing" in the first place—which is exactly what Plaintiffs allege—then the State Department has neither the duty nor the authority to issue parole documents to the derivative beneficiary living abroad. *Id.* at 9. Taking the Government's arguments as conceded, the Court finds that Plaintiffs have failed to state a claim that the State Department is unlawfully "refus[ing] to issue . . . parole," ECF 1 ¶ 82, and therefore **DISMISSES** the Secretary of State from this action.

Second, with the Secretary of State dismissed, the Court will transfer this case. Under 28 U.S.C. § 1391(e)(1), a suit against a federal official or agency may be brought in a district where either (A) a defendant resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or (C) a plaintiff resides. Defendants argue, and the Court agrees, that Plaintiffs have not alleged that substantial events relating to this lawsuit occurred in the District of Columbia. ECF 3 at 11; *see generally* ECF 1. The Court also agrees with Defendants that, without the Secretary of State, there are no Parties in this case who reside in D.C., and thus no basis for venue in this District. *See* ECF 1 ¶¶ 1–2 (Plaintiffs reside in "Columbus, GA" and "Gota, Ahmedabad, Gujarat, India"); *Farroukh v. USCIS*, No. 23-cv-198, 2023 WL 7017758, at *2 (D.D.C. Oct. 25, 2023) ("USCIS does not 'reside' in this District as it is headquartered in Camp Springs, Maryland."). While Defendants have moved to dismiss the action for improper venue, this Court may transfer the action "in the interest of justice," 28 U.S.C. § 1406(a), which typically calls for "transferring a case to the appropriate judicial district in lieu of dismissal," *Johnson v. Deloitte Servs., LLP*, 939 F. Supp. 2d 1, 6 (D.D.C. 2013). Indeed, "the presumption in favor of transfer is especially strong where a plaintiff files a complaint pro se." *Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 408 (D.D.C. 2017). As such, finding it to be in the interest of justice, and given that "[a] plaintiff cannot reasonably claim to be inconvenienced by litigating in [their] home forum,"

3

*Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 333 (D.D.C. 2020), the Court will **TRANSFER** this action to the Middle District of Georgia, which appears to be the home district of Prajapati, the principal U visa petitioner.

\* \* \*

For the foregoing reasons, Defendants' motion to dismiss or, in the alternative, to transfer, ECF 3, is **GRANTED**. The Secretary of State is hereby **DISMISSED** from this action, and this suit shall be **TRANSFERRED** to the Middle District of Georgia, where the remaining Defendant shall have thirty days following the docketing of the suit in that district to answer or file a renewed motion to dismiss under Rule 12(b), unless the transferee court orders otherwise. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

                                                                                                 _____

                                                                                                 JIA M. COBB
                                                                                                 United States District Judge

Date: May 7, 2024